IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RYAN RANDALL RAMEY,

        Plaintiff,

v.                                          **Civil Action No. 1:14-cv-225**

COMMISSIONER INTERNAL REVENUE SERVICE,

        Defendant.

## MEMORANDUM OPINION AND REPORT AND RECOMMENDATION

Before the Court is Defendant, Commissioner of the Internal Revenue Service's, Motion to Partially Dismiss Plaintiff's Complaint. (Docket No. 37.)

## I.   RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

On September 7, 2014, *pro se* Plaintiff, Ryan Randall Ramey, mailed a letter to Defendant in which he requested, pursuant to the Freedom of Information Act ("FOIA") and the Privacy Act (specifically 5 U.S.C. § 552, and 5 U.S.C. § 552a(d)(1)), "full disclosure of all records and/or dates contained in the files of your agency, and specifically maintained under the above listed name and/or other identifier assigned or cross-referenced to requestor identification info." (Docket No. 8, Ex. 1.) Plaintiff made this request for "amendment, deletion and/or expungement of all records maintained by [the] agency referencing the above subject." (Docket No. 8, Ex. 1.) Plaintiff provided his full name, date and place of birth, Social Security number, and several alpha-numeric "identifiers." (Docket No. 8, Ex. 1.) Plaintiff also requested he be provided with:

> 1) The policy and procedure for processing a <u>NON-MORTGAGE Widely-Held Fixed Investment Trust</u> (NMWHFIT) as defined in the code of Federal Regulations;
> (2) the necessary lawful provisions under said NMWHFIT for lawful charter, whether personal or for business-entity, under the laws of the

United States;

(3) the division of your agency to which processes NMWHFITs and reviews a NMWHFIT charter for lawful compliance, to include address, phone number, and position and title of the person in charge of such division;

(4) copies of the Master and non-master file of the requestor;

(5) the definition of terms to decode the Master and non-master file of the requestor;

(6) search of all IRS databases with the requestor identification and cross-references to requestor identification;

(7) disclosure whether requestor identification information has been shared with any other governmental or quasi-governmental agencies or third-party organizations or businesses and if so, identify which agency or organization or business, their addresses, phone numbers and to whom in that agency or organization or business the information was disclosed to;

...[1]

(10) any trust agreements naming the requestor of identifiers in any way;

(11) any insurance policies naming requestor and identifiers.

(Docket No. 8, Ex. 1.).

Upon receipt the Internal Revenue Service denied Plaintiff's request, stating that it characterized the request as one in which Plaintiff is requesting specific and personalized records regarding tax liability and it is not obligated to provide such information. (Docket No. 8, Ex. 2.) Defendant also pointed Plaintiff to the Sixteenth Amendment of the United States Constitution and the Internal Revenue Code, both of which are publicly available, and both of which Defendant felt may help to clarify Plaintiff's confusion over Defendant's authority to collect taxes and its administrative policies for doing so. (Docket No. 8, Ex. 2.)

Plaintiff, unsatisfied with Defendant's response, sent a second letter in which he clarified the intent behind his request and once again made the request. (Docket No. 8, Ex. 3.) Despite stating in

---

[1] Plaintiff has withdrawn his request for items 8 and 9. (Docket No. 8.)

its earlier reply that it would not respond to future letters concerning Plaintiff's request, Defendant again responded, with an almost identical letter, once again denying Plaintiff's request.[2] (Docket No. 8, Ex. 2, 4.) This prompted Defendant to file the Complaint, which he later amended. (Docket No. 1, 8.).

In his Amended Complaint, Plaintiff raises three (3) claims:

1.       Defendant willfully and intentionally created an adverse record in violation of 5 U.S.C. §§ 552(a)(e)(1) & (g)(1)(D);

2.       Defendant failed to reply or comply with his request, pursuant to 5 U.S.C. § 552(a), within the statutorily prescribed time of 20 days; and

3.       Defendant willfully and intentionally discriminated against Plaintiff, as a class of one, and withheld business information and Privacy Act documents, in violation of the First, Fifth, and Fourteenth Amendments.

(Docket No. 8.)

Defendant argues that he was "not afforded the equal opportunity to alter/amend or delete incorrect records in the defendants [sic] system of records." (Docket No. 8.) He also asserts that Defendant damaged him by "creat[ing] an adverse record that classifies [him as a tax protestor] challenging the ability for the Internal Revenue to collect taxes," which means that he can be classified "as connected with certain 'domestic terrorist' groups with similar ideologies." (Docket No. 8.) As relief, Plaintiff requests $1,000,000.00 in damages, court costs, and "miscellaneous expenses in connection with this suit" as well as specific performance of his original FOIA request, except for items Eight (8) and Nine (9); and deletion of the adverse records. (Docket No. 8.) He also

---

[2] Plaintiff's mother also filed a request for information to Defendant. (Docket No. 8, Ex. 5.) Although the Court is uncertain of the exact nature of Mrs. Ramey's request, it appears to have been granted. (Docket No. 8, Ex. 5.) Never-the-less, this fact is ultimately inconsequential to the Court's analysis.

"seeks disclosure of whom has access to the system of records concerning FOIA request and responses and to whom those records are disseminated." (Docket No. 8.)

Defendant filed the instant motion May 13, 2015. (Docket No. 37.) Defendant contends that (1) the Court lacks subject matter jurisdiction over Privacy Act claims to amend or delete records; (2) Plaintiff has failed to exhaust his administrative remedies as is required by the Privacy Act; and (3) Defendant has not alleged an adverse effect of actual damages and therefore has not stated a claim upon which relief may be granted. (Docket No. 38.)

Plaintiff filed responsive memorandum on June 05, 2015. (Docket No. 41.) Defendant filed its reply on June 12, 2015. (Docket No. 42.) It should be noted that Plaintiff filed a sur-reply on June 19, 2015. (Docket No. 43.) The Local Rules of Civil Procedure prescribe that a sur-reply may only be filed with the leave of the court. L. R. Civ. P. 7.02(b)(3). The Court gave Plaintiff no such leave, as such, his sur-reply was not considered by the Court.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) allows for a party to move to dismiss a claim, prior to responsive pleading, due to lack of subject matter jurisdiction. Fed. R. Civ. P. 12. "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991) (citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. (citing Trentacosta v. Frontier Pacific Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir. 1987)).

Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991)

Federal Rule of Civil Procedure 12(b)(6) allows for a party to move to dismiss a claim, prior to a responsive pleading, for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12. "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1999)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," (Id) (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable," id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761,

5

765 (4th Cir.2003) (citing <u>Dickson v. Microsoft Corp.</u>, 309 F.3d 193, 213 (4th Cir.2002); <u>Iodice v. United States</u>, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in <u>Ashcroft v. Iqbal</u>, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. <u>Id.</u>

## III. DISCUSSION

Because Plaintiff is proceeding *pro se*, the Court is obligated to hold his Amended Complaint to "less stringent standards than formal pleadings drafted by lawyers." <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). Upon review of Plaintiff's Amended Complaint, the undersigned agrees with Defendant's summation of the Complaint and has determined that Plaintiff is essentially raising three (3) claims. (1) Defendant "willfully and intentionally create[d] an adverse record" classifying him "as challenging the ability [of] the Internal Revenue [Service] to collect taxes" in violation of 5 U.S.C. §§ 552a(e)(1) and (g)(1)(D)[3]; (2) Defendant failed to comply with Plaintiff's FOIA requests in violation of 5 U.S.C. § 552(a); and (3) Plaintiff was discriminated against as a "class of one" because he was not given an "equal opportunity to alter/amend or delete incorrect records" kept by Defendant, which violates the Due Process Clause and Equal Protection Clause of the Fifth and

---

[3] Based on the facts alleged by Plaintiff, the Court agrees with Defendant's position that Plaintiff meant to state a claim pursuant to 5 U.S.C. §§ 552**a**(e)(1) and 552**a**(g)(1)(D) rather than 5 U.S.C. §§ 552(a)(e)(1) and 552(a)(g)(1)(D). (Docket No. 8; Docket No. 38) (emphasis added). The Court reaches this conclusion based primarily on the fact that 5 U.S.C. §§ (a)(e)(1) and (a)(g)(1)(D) do not exist.

Fourteenth Amendment. (Docket No. 8; Docket No. 38.) The Court shall address the issues in the order laid out by Defendant in its brief in support of the instant motion. (Docket No. 38.)

**A) The Court Lacks Subject Matter Jurisdiction to Order Amendment Or Deletion of Records**

As Defendant correctly points out, Plaintiff's request to amend and/or delete records under 5 U.S.C. §§ 552a(d)(2) and 552a(g)(1)(A) fails because the Court lacks the subject matter jurisdiction to grant such a request.

Sections 552a(d)(2) and (g)(1)(A) of the Privacy Act allow for district courts to exercise jurisdiction over civil suits in which a litigant is seeking a remedy for an agency's failure to amend or delete records. 5 U.S.C. § 552a. However, this power is limited in 26 U.S.C. 7852(e), a section of the Internal Revenue Code, which provides as follows:

> (e) Privacy Act of 1974.--The provisions of subsections (d)(2), (3), and (4), and (g) of section 552a of title 5, United States Code, shall not be applied, directly or indirectly, to the determination of the existence or possible existence of liability (or the amount thereof) of any person for any tax, penalty, interest, fine, forfeiture, or other imposition or offense to which the provisions of this title apply.

26 U.S.C. § 7852. Through 7852, Congress has clearly and unambiguously limited the jurisdiction of courts under the Privacy Act and prohibited a court from ordering the modification, amendment, or deletion of tax related records that are related to the existence or possible existence of tax liability. Id.

Plaintiff has clearly requested amendment and deletion of tax records (specifically his Master and Non-Master files), records which allegedly reflect his status as a "tax protestor." (Docket No.

8.) Even assuming that Plaintiff is actually recorded as a tax protestor,[4] the Ninth Circuit has explained that a document that flags a taxpayer's record as that of a tax protestor does have a direct relationship to the determination of tax liability and therefore is within the scope of § 7852. England v. C.I.R., 798 F.2d 350, 351-52 (9th Cir. 1986). As such, it would be outside of the Court's jurisdiction to order any sort of modification or deletion of said records. 26 U.S.C. § 7852.

Based on the aforementioned discussion, the Court finds that the moving party has shown that the material jurisdictional facts are not in dispute and that Defendant is entitled to dismissal due to this Court's lack of subject matter jurisdiction.[5] Richmond, Fredericksburg & Potomac R. Co., 945 F.2d at 768.

## B) Plaintiff Has Failed To State A Claim Upon Which Relief Can Be Granted

Courts within the Fourth Circuit have dismissed Privacy Act claims for failure to plead an adverse effect. Falwell v. Executive Office of the President, 158 F. Supp. 2d 734, 742-43 (W.D. Va. 2001). As Defendant pointed out, a claim under the Privacy Act may only be brought when the Government intentionally and willfully violates the Act in such a manner that has an adverse effect on the aggrieved party. F.A.A. v. Cooper, 132 S. Ct. 1441, 1444-1445. The Court determined that an adverse effect must include actual damages — that is to say pecuniary or economic harm. Id. at 1453. Therefore, it is reasonable to conclude that to satisfy Rule 12(b)(6), a complaint for a violation

---

[4] And there is virtually nothing in the record, outside of Plaintiff's claim, to indicate that he actually is.

[5] Defendant also asserts that Plaintiff failed to exhaust administrative remedies, as is required by the Privacy Act and regulations promulgated by the Treasury Department in implementing the Privacy Act. (Docket No. 38.) This matter is moot. Even if Defendant had exhausted administrative remedies, the Court still lacks jurisdiction to order such modification or deletion. 26 U.S.C. § 7852.

of the Privacy Act must sufficiently allege an adverse effect claiming actual damages. To be viable and capable of surviving a 12(b)(6) motion, such a complaint must plead enough facts to state a claim for relief that is plausible on its face. Twombly, 550 U.S. at 555.

Plaintiff claims that Defendant has intentionally created an adverse tax record and hyperbolically claims that this is the equivalent to associating him with domestic terrorist organizations. (Docket No. 8.) However, Defendant alleges no adverse effect associated with this, certainly not one so great as to justify his demand of $1,000,000.00. (Docket No. 8.) He claims no real loss or damages nor does he allege any factual support for his claim. (Docket No. 8.) This is precisely the type of "threadbare" conclusory statement that the Supreme Court has held does not satisfy the pleading standards of the Federal Rules. Iqbal, 556 U.S. at 678.

Perhaps in support of his request for such a large amount of damages, Plaintiff also alleges that his Fifth and Fourteenth Amendment rights (specifically those protected by the Due Process Clause and Equal Protection Clause) were violated by Defendant. (Docket No. 8.) Although Defendant did not formally address these aspects of the Amended Complaint, the Court has reviewed these claims *sua sponte* and sees nothing in the Amended Complaint that equates to any facts or allegations that would support a cognizable constitutional claim. (Docket No. 8.) This makes these claims equally incompatible with the pleading standards set forth in Iqbal. 556 U.S. at 678.

Because Defendant has failed to allege any facts to support an adverse effect with actual damages or to sufficiently plead any type of cognizable Constitutional claim, the Court finds that Defendant's 12(b)(6) motion is appropriate.

## IV.   CONCLUSIONS

In summation, the Court was able to ascertain three claims and requests for relief from

Plaintiff's *pro se* complaint: (1) Plaintiff is entitled to court ordered modification or deletion of his tax records; (2) Plaintiff is entitled to damages for injuries suffered as a result of the adverse tax records and constitutional violations resulting from the tax record; and (3) Defendant has failed to comply with FOIA requests and Plaintiff is entitled to the information requested.

Regarding the first claim, the Court finds that there is no subject matter jurisdiction for the Court to order such modification or deletion, to the contrary, it is statutorily prohibited. Because the statute prohibits court intervention this claim is fatally flawed. As such, the Court hereby **RECOMMENDS** that Defendant's 12(b)(1) Motion to Dismiss be **GRANTED** and this claim of the Amended Complaint be **DISMISSED WITH PREJUDICE**.

Regarding the second claim, the Court finds that Plaintiff has not alleged facts sufficient to state a claim upon which relief can be granted because he has not sufficiently claimed actual damages or any cognizable constitutional violation. However, the Court acknowledges that Defendant may be able to state his claim with more specificity and in a manner that complies with the pleading standards of the Federal Rules of Civil Procedure. Therefore, the Court hereby **RECOMMENDS** that Defendant's 12(b)(6) Motion to Dismiss be **GRANTED** and this claim of the Amended Complaint be **DISMISSED WITHOUT PREJUDICE**.

Regarding the final claim, Defendant has not challenged it and it is not fundamentally flawed on its face so as to incline the Court to review the claim *sua sponte*.

Any party may, within fourteen days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene Keeley, United States District

Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert</u>. <u>denied</u>, 467 U.S. 1208 (1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

The Clerk shall direct copies of this order to counsel for Plaintiff and to counsel for Defendant.

DATED: August 14, 2015

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE