```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**RYAN RANDALL RAMEY,**

  **Plaintiff,**

**v.**        **//   CIVIL ACTION NO. 1:14CV225**
              **(Judge Keeley)**

**COMMISSIONER OF INTERNAL**
**REVENUE SERVICE,**

  **Defendant.**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. NO. 47), GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS (DKT. NO. 37), GRANTING PLAINTIFF'S MOTION TO UPDATE [DKT. NO. 52], AND DENYING DEFENDANT'S MOTION TO STRIKE [DKT. NO. 54]**

On December 22, 2014, the pro se plaintiff, Ryan Randall Ramey ("Ramey"), filed a complaint under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Privacy Act, 5 U.S.C. § 552a, seeking disclosure and expungement of certain records (Dkt. No. 1). On May 13, 2015, the defendant, the Commissioner of the Internal Revenue Service ("the Commissioner"), moved to partially dismiss Ramey's complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Dkt. No. 37).

On August 14, 2015, the Honorable John S. Kaull, United States Magistrate Judge, issued a report and recommendation ("R&R") recommending that the Court grant the Commissioner's partial motion to dismiss (Dkt. No. 47). Ramey objected to the R&R on August 27, 2015 (Dkt. No. 50), and sought leave to update the Court as to his FOIA claim on September 22, 2015 (Dkt. No. 52). On October 6,

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. NO. 47), GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS (DKT. NO. 37), GRANTING PLAINTIFF'S MOTION TO UPDATE [DKT. NO. 52], AND DENYING DEFENDANT'S MOTION TO STRIKE [DKT. NO. 54]**

2015, the Commissioner moved to strike Ramey's motion for leave to update, arguing that the new information provided by Ramey was irrelevant and prejudicial (Dkt. No. 54). For the reasons discussed, the Court **ADOPTS** the R&R, **GRANTS** the Commissioner's partial motion to dismiss, **GRANTS** Ramey's motion for leave to update, and **DENIES** the Commissioner's motion to strike.

## BACKGROUND

The Court accepts the following facts from the amended complaint as true for purposes of the motion to dismiss. See Zak v. Chelsea Therapeutics Intern., Ltd., 780 F.3d 597, 601 (4th Cir. 2015). On September 7, 2014, Ramey submitted a FOIA and Privacy Act request to the Internal Revenue Service ("IRS"), seeking "all records and/or date [sic] contained in the files of your agency, and specifically maintained under the above listed name and/or other identifier . . . ." (Dkt. No. 8-1 at 1). Ramey specifically sought eleven categories of records from the IRS. These include: (1) the policy and procedure for processing a non-mortgage widely held fixed investment trust ("the trust"); (2) the necessary provisions for lawful charter of the trust; (3) which division of the IRS processes trusts and reviews charters for compliance; (4)

2

**RAMEY V. COMMISSIONER OF IRS**                                                          **1:14CV225**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. NO. 47), GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS (DKT. NO. 37), GRANTING PLAINTIFF'S MOTION TO UPDATE [DKT. NO. 52], AND DENYING DEFENDANT'S MOTION TO STRIKE [DKT. NO. 54]**

copies of his master and non-master files; (5) the definition of terms to decode the master and non-master files; (6) a search of all IRS databases with his identification; (7) whether any of his information has been shared with other agencies or organizations, and, if so, which agencies; (8) whether the controlling member of a trust may discharge personal debt through the trust; (9) whether a trust may be used as an unincorporated trust under the common law; (10) any trust agreements naming him; and, (11) any insurance policies naming him. <u>Id.</u> at 1-2. Ramey sought these records "specifically for amendment, deletion and/or expungement of all records maintained by your agency referencing the above subject." <u>Id.</u> at 1.

On November 7, 2014, the IRS responded to Ramey's request, informing him that his letter "appears to ask for documents concerning [his] personal liability to pay federal income tax." (Dkt. No. 8-2 at 1). Because the IRS would have to create personalized, specific statements about Ramey's tax liability to respond, it declined to do so, noting that it is "not required to create records, provide explanations, or answer questions in response to a FOIA request." <u>Id.</u> The IRS advised Ramey that the

3

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. NO. 47), GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS (DKT. NO. 37), GRANTING PLAINTIFF'S MOTION TO UPDATE [DKT. NO. 52], AND DENYING DEFENDANT'S MOTION TO STRIKE [DKT. NO. 54]**

United States Constitution and the Internal Revenue Code provided authority for the IRS to assess, enforce, and collect income taxes; to that end, he should use the judicial system, and not the FOIA, to challenge income tax filing requirements. Id. Finally, the IRS advised that it would "not reply to future letters concerning these issues." Id.

On November 17, 2014, Ramey responded to the IRS' letter, informing the IRS that he was "familiar with the authority to which the IRS derives it's [sic] ability to tax and am not challenging that nor am I requesting information pertaining to that." (Dkt. No. 8-3). He again requested "documents and files referencing my name, estate, and other requestor [sic] identifiers . . .," his master and non-master files, and information regarding the trust. Id. Ramey asked the IRS to process his FOIA request "in light of this clarification." Id.

On December 8, 2014, the IRS responded to Ramey's November 17, 2014, letter, with the same form letter it had sent to him on November 7, 2014 (Dkt. No. 8-4).[1] On December 22, 2014, Ramey

---

[1] Meanwhile, Ramey's mother, Ava Ramey ("Mrs. Ramey"), sent the IRS her own FOIA request, seeking her master file, copies of tax returns, and other information (Dkt. No. 8-5). On December 12, 2014, the IRS responded to Mrs. Ramey's FOIA request, sending her

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. NO. 47), GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS (DKT. NO. 37), GRANTING PLAINTIFF'S MOTION TO UPDATE [DKT. NO. 52], AND DENYING DEFENDANT'S MOTION TO STRIKE [DKT. NO. 54]**

filed suit in this Court, alleging violations of FOIA, 42 U.S.C. § 1983, the Privacy Act, and the United States Constitution (Dkt. No. 1). He amended his complaint on January 8, 2015, withdrawing his § 1983 claim (Dkt. No. 8). Ramey's amended complaint contains three claims: (1) the IRS created an adverse record; (2) the IRS failed to respond to his FOIA requests; and, (3) the IRS "willfully and intentionally discrimate[d] against the defendant, as a class of one, to those similarly situated and withheld business information & Privacy Act documents . . . ." Id. at 6-7.

On May 13, 2015, the Commissioner moved to partially dismiss Ramey's amended complaint (Dkt. No. 37). The Commissioner did not seek to dismiss Ramey's FOIA or constitutional claims (Dkt. No. 38). It did argue, however, that the Court should dismiss Ramey's claim for creation of an adverse record and expungement of that record under the Privacy Act. Id. at 1. According to the Commissioner, 26 U.S.C. § 7852(e) explicitly prohibits Privacy Act suits that "pertain, directly or indirectly, to the determination of the existence or possible existence of a person's tax

---

responsive documentation and advising her as to the proper method to obtain additional information. Id. This forms the basis of Ramey's constitutional claim.

**RAMEY V. COMMISSIONER OF IRS**                                          **1:14CV225**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. NO. 47), GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS (DKT. NO. 37), GRANTING PLAINTIFF'S MOTION TO UPDATE [DKT. NO. 52], AND DENYING DEFENDANT'S MOTION TO STRIKE [DKT. NO. 54]**

liability." Id. Furthermore, Ramey failed to exhaust his administrative remedies before filing suit. Id. Ramey opposed the motion on June 5, 2015, contending that his requests "have absolutely nothing to do with the determination of tax liability," and that any attempt to satisfy the administrative process would have been moot or futile (Dkt. No. 41). The Commissioner replied on June 12, 2015, withdrawing its argument under § 7852(e) (Dkt. No. 42 at 1, n. 1), but arguing that Ramey's Privacy Act claim was still moot.[2] Id.

On August 14, 2015, Magistrate Judge Kaull issued an R&R, recommending that the Court dismiss Ramey's Privacy Act claims with prejudice, and constitutional claims without prejudice (Dkt. No. 47 at 10). The R&R concluded that § 7852(e) barred the Court from considering Ramey's Privacy Act request. Id. at 7-8. It also declined to review Ramey's FOIA claim, which was not the subject of the Commissioner's motion to dismiss. Id. Ramey objected to the R&R on August 27, 2015, contending that § 7852(e) does not apply to his Privacy Act request because he is not challenging any tax

---

[2] Ramey filed a surreply without leave of Court on June 19, 2015 (Dkt. No. 43). Pursuant to L.R. Civ. P. 7.02(b)(3), the Court declines to consider Ramey's unauthorized surreply.

6

**RAMEY V. COMMISSIONER OF IRS**  1:14CV225

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. NO. 47), GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS (DKT. NO. 37), GRANTING PLAINTIFF'S MOTION TO UPDATE [DKT. NO. 52], AND DENYING DEFENDANT'S MOTION TO STRIKE [DKT. NO. 54]**

liability (Dkt. No. 50 at 1).[3]  Rather, the adverse records Ramey seeks to expunge are the November 7 and December 8, 2014, letters from the IRS, which Ramey believes labeled him as a tax protestor.[4] Id.  The Commissioner replied to Ramey's objections on September 10, 2015, arguing that, even if jurisdiction under § 7852(e) is lacking, Ramey had failed to exhaust his administrative remedies before filing suit (Dkt. No. 51).

On September 22, 2015, Ramey sought leave to update the Court as to his FOIA claim, which he mistakenly believes to be subject to dismissal under the R&R (Dkt. No. 52).  On October 6, 2015, the Commissioner moved to strike Ramey's request for leave to update as "irrelevant and prejudicial" to the pending R&R, which did not

---

[3] When reviewing a magistrate judge's report and recommendation made pursuant to 28 U.S.C. § 636, the court must review de novo only the portion to which an objection is timely made. 28 U.S.C. § 636(b)(1)(C).  When no objections to the R&R are made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F.Supp. 825 (E.D. Cal. 1979).  Because Ramey objected to the conclusions in the R&R, the Court will review the same de novo.

[4] Ramey also believes that Magistrate Kaull recommended dismissal of his FOIA claim, which was labeled as "claim 2" throughout the R&R, but "claim 3" at the end. Id. at 4.  The Court declines to address these objections because, as explained later, Ramey's understanding is incorrect, and the FOIA claim remains in the case.

7

**RAMEY V. COMMISSIONER OF IRS**                              **1:14CV225**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. NO. 47), GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS (DKT. NO. 37), GRANTING PLAINTIFF'S MOTION TO UPDATE [DKT. NO. 52], AND DENYING DEFENDANT'S MOTION TO STRIKE [DKT. NO. 54]**

recommend dismissal of the FOIA claim (Dkt. No. 55). Ramey responded to the Commissioner's motion to strike on October 16, 2015, insisting that the R&R only recommended that his constitutional claim proceed (Dkt. No. 56). The Commissioner filed a reply on October 23, 2015 (Dkt. No. 57). These motions are fully briefed and ripe for disposition.

## LEGAL STANDARDS

### I. Pro Se Pleadings

Inasmuch as Ramey is acting pro se, the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978). A pro se complaint is subject to dismissal, however, if the Court cannot reasonably read the pleadings to state a valid claim on which the plaintiff could prevail. Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him, nor should it "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**RAMEY V. COMMISSIONER OF IRS**  1:14CV225

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. NO. 47), GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS (DKT. NO. 37), GRANTING PLAINTIFF'S MOTION TO UPDATE [DKT. NO. 52], AND DENYING DEFENDANT'S MOTION TO STRIKE [DKT. NO. 54]**

## II. Motion to Dismiss

In reviewing the sufficiency of a complaint under Fed. R. Civ. P. 12(b)(6), a district court must accept the factual allegations in the complaint as true. Zak, 780 F.3d at 601. While a complaint need not contain detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Indeed, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In considering whether the facts alleged are sufficient, "a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007)(quoting Twombly, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Dismissal

**RAMEY V. COMMISSIONER OF IRS**                                  **1:14CV225**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. NO. 47), GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS (DKT. NO. 37), GRANTING PLAINTIFF'S MOTION TO UPDATE [DKT. NO. 52], AND DENYING DEFENDANT'S MOTION TO STRIKE [DKT. NO. 54]**

under 12(b)(6) is appropriate if the face of the complaint "clearly reveals the existence of a meritorious affirmative defense." Occupy Columbia v. Haley, 738 F.3d 107, 116 (4th Cir. 2013)(quoting Brockington v. Boykins, 637 F.3d 503, 506 (4th Cir. 2011)(internal citations omitted)).

## APPLICABLE LAW

### I. FOIA

FOIA provides that an agency must make certain records available to a member of the public who submits a proper request.[5] 5 U.S.C. § 552(a). The agency must determine whether it will comply within twenty working days after receiving the request. 5 U.S.C. § 552(a)(6)(A)(i). The agency must "immediately notify the person making [t]he request" whether it will comply, and advise the requester as to his right to appeal any adverse determination. Id. If the requester appeals, the agency must decide any appeal within twenty working days of receipt. 5 U.S.C. § 552(a)(6)(A)(ii). If the agency denies the appeal, it then notifies the requester of his right to seek judicial review. A would-be FOIA plaintiff must

---

[5] Requesters must "reasonably describe" the records they seek, and follow "published rules stating the time, place, fees (if any), and procedures to be followed . . . ." 5 U.S.C. § 552(a)(3)(A).

**RAMEY V. COMMISSIONER OF IRS**                                  **1:14CV225**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. NO. 47), GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS (DKT. NO. 37), GRANTING PLAINTIFF'S MOTION TO UPDATE [DKT. NO. 52], AND DENYING DEFENDANT'S MOTION TO STRIKE [DKT. NO. 54]**

first exhaust administrative remedies before seeking judicial review. Schwarz v. Fed. Bureau of Investigation, 31 F. Supp. 2d 540, 542 (N.D.W. Va. 1998) (internal citations omitted). Id. An agency's failure to comply with the time limits, however, means that the requester is "deemed to have exhausted his administrative remedies." 5 U.S.C. § 5(a)(6)(C)(i).

Federal jurisdiction under FOIA hinges on a showing that the agency improperly withheld agency records. Kissinger v. Reporters Committee for Freedom of the Press, 445 U.S. 136, 150 (1980). The word "withheld" "presupposes the actor's possession or control of the item withheld." Id. at 151. "[FOIA] does not obligate agencies to create or retain documents; it only obligates them to provide access to those which it in fact has created and retained." Id. at 152.

Federal courts have jurisdiction under FOIA to "enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). If the complainant "substantially prevails" in litigation under the FOIA, courts "may assess against

**RAMEY V. COMMISSIONER OF IRS**                                                **1:14CV225**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. NO. 47), GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS (DKT. NO. 37), GRANTING PLAINTIFF'S MOTION TO UPDATE [DKT. NO. 52], AND DENYING DEFENDANT'S MOTION TO STRIKE [DKT. NO. 54]**

the United States reasonable attorney fees and other litigation costs reasonably incurred . . . ." 5 U.S.C. § 552(a)(4)(E)(i).

## II. <u>The Privacy Act</u>

Under the Privacy Act, agencies that maintain a system of records must allow a requester to access records or "any information pertaining" to the requester contained in the system. 5 U.S.C. § 552a(d)(1). The requester may "review the record and have a copy made . . . ." <u>Id.</u> A requester may seek amendment of a record pertaining to him, following which the agency has ten working days to either make the requested amendment, or inform the requester of the refusal. 5 U.S.C. § 552a(d)(2).

A requester who disagrees with the agency's refusal may seek review of the decision. 5 U.S.C. § 552a(d)(3). Within thirty days of the review request, the agency must "complete such review and make a final determination." <u>Id.</u> If the agency refuses to amend the record in accordance with the request, it must notify the requester of the provisions for judicial review. <u>Id.</u>

Requesters must first exhaust administrative remedies before filing suit in federal court. <u>Pollack v. Dep't. of Justice</u>, 49 F.3d 115, 116 n.1 (4th Cir. 1995). Requesters may bring a civil

**RAMEY V. COMMISSIONER OF IRS**                               **1:14CV225**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. NO. 47), GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS (DKT. NO. 37), GRANTING PLAINTIFF'S MOTION TO UPDATE [DKT. NO. 52], AND DENYING DEFENDANT'S MOTION TO STRIKE [DKT. NO. 54]**

action in federal district court if the agency (1) decides not to amend an individual's record or fails to review the request; (2) refuses to comply with an individual request; (3) fails to maintain an accurate, relevant, timely, and complete record as to any individual that subsequently leads to a determination adverse to the individual; or, (4) fails to comply with the Privacy Act. 5 U.S.C. § 552a(g)(1). As under FOIA, courts may order the United States to pay reasonable attorney fees and other reasonable litigation costs if the complainant "has substantially prevailed." 5 U.S.C. § 552a(g)(2)(B).

## ANALYSIS

### I. Motions to Update and to Strike

As an initial matter, the Court must clarify which of Ramey's claims remain in the case. The R&R first recommended that the Court dismiss with prejudice Ramey's claim under the Privacy Act that he is entitled to modification or deletion of adverse tax records, a recommendation to which Ramey vigorously objected (Dkt. No. 47 at 10). The R&R then recommended that the Court dismiss without prejudice Ramey's claim for damages for injuries suffered as a result of the alleged constitutional violations. Id. Ramey

**RAMEY V. COMMISSIONER OF IRS**                                 **1:14CV225**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. NO. 47), GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS (DKT. NO. 37), GRANTING PLAINTIFF'S MOTION TO UPDATE [DKT. NO. 52], AND DENYING DEFENDANT'S MOTION TO STRIKE [DKT. NO. 54]**

did not object to this recommendation. Finally, the R&R noted that the Commissioner did not challenge Ramey's FOIA claim, and "it is not fundamentally flawed on its face so as to incline the Court to review the claim *sua sponte*." Id. Ramey's confusion is understandable, given the different numbering of his claims throughout the R&R; the fact remains, however, that the R&R did not recommend dismissal of his FOIA claim.

Ramey seeks leave to update his complaint with new information about the IRS' partial satisfaction of his FOIA request (Dkt. No. 52). The Commissioner moved to strike the update as irrelevant because it "has no possible relation to the dismissal of [Ramey's] Privacy Act and constitutional discrimination claims" (Dkt. No. 55 at 2). It further argues that the update "serves only to confuse these Privacy Act and constitutional issues by injecting FOIA arguments not previously raised." Id.

A party may utilize Fed. R. Civ. P. 12(f) to seek an order from the Court striking "from any pleading any . . . redundant, immaterial, impertinent, or scandalous matter." Motions to strike are "drastic" remedies disfavored by courts. Haught v. The Louis Berkman, LLC, 377 F. Supp. 2d 543, 548 (N.D.W. Va. 2005) (Stamp,

**RAMEY V. COMMISSIONER OF IRS**                                    **1:14CV225**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. NO. 47), GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS (DKT. NO. 37), GRANTING PLAINTIFF'S MOTION TO UPDATE [DKT. NO. 52], AND DENYING DEFENDANT'S MOTION TO STRIKE [DKT. NO. 54]**

J.) (quoting Clark v. Milam, 152 F.R.D. 66, 70 (S.D.W. Va. 1993)). As such, they are generally denied unless the objectionable allegations "have no possible relation to the controversy and may prejudice the other party." Id. (quoting Steuart Inv. Co. v. Bauer Dredging Constr. Co., 323 F. Supp. 907, 909 (D. Md. 1971)). If "any question of fact or any substantial question of law" exists, the Court "should refrain from acting until some later time when these issues can be more appropriately dealt with." Id. at 548-49 (quoting United States v. Fairchild Industries, Inc., 766 F. Supp. 405 (D. Md. 1991)).

The Commissioner has failed to carry its heavy burden of establishing that the Court should strike Ramey's update. While the update may be irrelevant to the pending R&R, it is certainly relevant to Ramey's FOIA claim, which will move forward. Given the update's relevance, the Court cannot fairly say that it has "no possible relation" to the case. Haught, 377 F. Supp. 2d at 548. Furthermore, the Court is unconvinced that the Commissioner will suffer any prejudice from the update. The Court's ruling that the FOIA update does not bear on any matter in the R&R moots the

**RAMEY V. COMMISSIONER OF IRS** 1:14CV225

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. NO. 47), GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS (DKT. NO. 37), GRANTING PLAINTIFF'S MOTION TO UPDATE [DKT. NO. 52], AND DENYING DEFENDANT'S MOTION TO STRIKE [DKT. NO. 54]**

Commissioner's concern that the update will "confuse the pending issues." (Dkt. No. 55 at 4).

For all of the reasons discussed, the Court **GRANTS** Ramey's motion for leave to update (Dkt. No. 52), and **DENIES** the Commissioner's motion to strike (Dkt. No. 54).

## II. Privacy Act Claim

Ramey claims that the IRS willfully and intentionally created an adverse record classifying him as a tax protestor, and seeks to delete that record (Dkt. No. 8).[6] Magistrate Judge Kaull found that the Court lacked jurisdiction to order the IRS to amend or delete these records because § 7852 circumscribes the ability of the Court to expunge records relating to any tax liability (Dkt. No. 47 at 7). The R&R also found that Ramey failed to state a viable claim under the Privacy Act or the United States Constitution because he did not allege an adverse event claiming actual damages. Id. at 8-9.

---

[6] To the extent Ramey seeks to amend, delete, or expunge records within a system of record maintained by the SSA, his claim falls within the purview of the Privacy Act, and not the FOIA. 5 U.S.C. §§ 552a(d)(2); 20 C.F.R. § 402.15(a)-(b).

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. NO. 47), GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS (DKT. NO. 37), GRANTING PLAINTIFF'S MOTION TO UPDATE [DKT. NO. 52], AND DENYING DEFENDANT'S MOTION TO STRIKE [DKT. NO. 54]**

The R&R reaches the correct result as to Ramey's Privacy Act claim, but for the wrong reason. Title 26 section 7852(e), by its terms, applies to actions seeking to determine "the existence or possible existence of liability (or the amount thereof) of any person for any tax, penalty, interest, fine, forfeiture, or other imposition or offense . . . ." 26 U.S.C. § 7852(e). This section precludes a plaintiff from using the Privacy Act to amend, delete, or expunge, any records relating to tax liability. Id. In contrast, Ramey seeks to expunge the November 7 and December 8, 2014, letters from the IRS, which he believes label him as a tax protestor. Ramey's response to the November 7, 2014, letter, which is part of the IRS' record, makes clear that he is not challenging his tax liability. The Court therefore finds that § 7852(e) is inapplicable to the case at bar.

Importantly, Ramey's failure to abide by the administrative procedure set forth in the Privacy Act requires dismissal of his claim. Pollack, 49 F.3d at 116 n. 1; Quinn v. Stone, 978 F.2d 126, 137 (3d Cir. 1992). Ramey filed his original FOIA/Privacy Act request on September 7, 2014 (Dkt. No. 8-1). He received the two objectionable letters from the IRS on November 7, 2014, and

**RAMEY V. COMMISSIONER OF IRS**  1:14CV225

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. NO. 47), GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS (DKT. NO. 37), GRANTING PLAINTIFF'S MOTION TO UPDATE [DKT. NO. 52], AND DENYING DEFENDANT'S MOTION TO STRIKE [DKT. NO. 54]**

December 8, 2014 (Dkt. Nos. 8-2, 8-4). Ramey admits that he failed to follow the administrative process to seek deletion or expungement of these two letters. Instead, he contends that the Court should excuse his failure to exhaust because such efforts would be moot or futile (Dkt. No. 41 at 5-6).

Ramey's argument that the IRS "clearly stated that it was not going to comply" is unavailing. Id. at 6. The letters from the IRS state that it will not respond to any further letters challenging its authority to assess taxes (Dkt. No. 8-2 at 1; Dkt. No. 8-4 at 1 ("We will not reply to future letters concerning these issues")). This is far from a blanket denial of Ramey's Privacy Act requests. Most importantly, at that point, Ramey had never asked the IRS to delete or expunge the November 7 and December 8, 2014, letters. Logically, Ramey could not have done so, given that the "denial" he claims "mooted" the administrative process had occurred in the last letter he received. The IRS could not have denied a request it never had received. Ramey therefore has failed to properly request amendment, deletion, or expungement of the two letters under the Privacy Act. 5 U.S.C. § 552a(d)(2). Because Ramey has failed to exhaust his administrative remedies under the

**RAMEY V. COMMISSIONER OF IRS** 1:14CV225

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. NO. 47), GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS (DKT. NO. 37), GRANTING PLAINTIFF'S MOTION TO UPDATE [DKT. NO. 52], AND DENYING DEFENDANT'S MOTION TO STRIKE [DKT. NO. 54]**

Privacy Act, including making a proper request and seeking agency review, the Court lacks subject matter jurisdiction over the claim. Pollack, 49 F.3d at 116 n. 1. It therefore **DISMISSES WITHOUT PREJUDICE** Ramey's Privacy Act claim.

### III. Constitutional Claims

Magistrate Judge Kaull recommended dismissal of Ramey's constitutional claims pursuant to Fed. R. Civ. P. 12(b)(6) because Ramey had failed to include any "facts or allegations that would support a cognizable constitutional claim" (Dkt. No. 47 at 9). Ramey did not object to this conclusion. Finding no clear error, the Court **ADOPTS** this recommendation and **DISMISSES WITHOUT PREJUDICE** Ramey's Constitutional claim.

### CONCLUSION

For the reasons discussed, the Court **ADOPTS** the R&R (Dkt. No. 47), **GRANTS** the Commissioner's partial motion to dismiss (Dkt. No. 37), and **DISMISSES WITHOUT PREJUDICE** Ramey's Privacy Act and constitutional claims. It **GRANTS** Ramey's motion to update (Dkt. No. 52), and **DENIES** the Commissioner's motion to strike (Dkt. No. 54).

**RAMEY V. COMMISSIONER OF IRS**  1:14CV225

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. NO. 47), GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS (DKT. NO. 37), GRANTING PLAINTIFF'S MOTION TO UPDATE [DKT. NO. 52], AND DENYING DEFENDANT'S MOTION TO STRIKE [DKT. NO. 54]**

Ramey's FOIA claim remains in the case. The Court therefore will conduct a scheduling conference on **Thursday, January 21, 2016, at 10:30 A.M.** It will enter a First Order scheduling the date for initial disclosures and the Rule 26(f) report.

It is so **ORDERED**.

Pursuant to Fed. R. Civ. P. 58, the Court **DIRECTS** the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se plaintiff, certified mail, return receipt requested.

Dated: November 20, 2015.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE